**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| ALMONDNET, INC. and INTENT IQ, LLC, | CASE NO.  6:21-CV-00897-ADA |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| MICROSOFT CORP., | |
| Defendant. | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiffs AlmondNet, Inc. and Intent IQ, LLC (collectively, "Plaintiff" or "AlmondNet") and Defendant Microsoft Corp. ("Defendant" or "Microsoft"), hereafter referred to as the "Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material").   Protected Material shall be

designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE." The label "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts, natively produced documents, and tangible things other than documents) for which such protection is sought.   For deposition and hearing transcripts, the word(s) "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE."   For natively produced Protected Material, the word(s) "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" shall be placed in the filename of each such natively produced document.   For tangible things other than documents, the "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" nature of the item shall be prominently identified in a cover letter, a photograph of the object, or a label attached to the document.   If two or more copies of the same document or thing are produced with or given inconsistent confidentiality designations, then the most restrictive designation shall apply to all such

copies.

2.    Any document produced before issuance of this Order, including pursuant to the Court's

Order Governing Proceedings - Patent Case, with the designation "Confidential" or the

like shall receive the same treatment as if designated "CONFIDENTIAL" under this

order; any such documents produced with the designation "Confidential - Outside

Attorneys' Eyes Only" or the like shall receive the same treatment as if designated

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order; and

any such documents produced with the designation "Confidential – Source Code" or the

like shall receive the same treatment as if designated "CONFIDENTIAL – SOURCE

CODE" under this order; unless and until such document is re-designated to have a

different classification under this Order.

3.    With respect to documents, information, or material designated "CONFIDENTIAL,"

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL -

SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein

and unless otherwise stated, this Order governs, without limitation: (a) all documents,

electronically stored information, and things as defined by the Federal Rules of Civil

Procedure; (b) all pretrial, hearing, and deposition testimony, or documents marked as

exhibits or for identification in depositions or hearings; (c) pretrial pleadings, exhibits to

pleadings and other court filings; (d) affidavits; and (e) stipulations.[2]    All copies,

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to documents, information, or material designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE," individually and collectively.

[2] For the avoidance of doubt, where the accuracy of information is confirmed only through the review of DESIGNATED MATERIAL, the fact that such information is accurate is DESIGNATED MATERIAL.  For example, the accuracy of unsubstantiated media speculations

reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

(a)     Outside counsel of record in this Action for the Parties.

(b)     Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     Up to two (2) in-house counsel for the Parties who either have responsibility for

---

or rumors that are later confirmed to be accurate through access to DESIGNATED MATERIAL is not public information.

making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)     Up to one (1) designated representative of each of the Parties, who either has responsibility for making decisions dealing directly with the litigation of this Action, or who is assisting outside counsel in the litigation of this Action, and who has completed the Undertaking attached as Exhibit A hereto, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action,[3] (2) is not a current employee or contractor of a Party's competitor; (3) at the time of retention, is not anticipated to become an employee or contractor of a Party, of an affiliate of a Party, or of a Party's competitor; and (4) at least ten (10) days before access to the Protected Material is to be given to that consultant or expert, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including (a) a list of other cases in which the individual has provided a report or testified (at trial or deposition) (identified by name and number of the case, filing date, and location of court) during the preceding four years, (b) a list of companies and/or persons that the individual has been employed by or from whom the consultant or expert has received compensation or funding for work in their area(s) of expertise or to whom the Expert has provided professional services, including in connection with a litigation, within the last four years and a brief description of the subject matter of the consultancy or employment, including the Party to the litigation for whom such work was done.[4] The producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert within ten (10) days of receipt of the materials listed in 5(e)(4).   The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a

_____

[3] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party would not be precluded based solely on Sections 5(e)(1), (2), or (3), but would remain subject to all remaining limitations and applicable objections set forth in this Protective Order.

[4] With regard to the information sought through part (b) of such a disclosure, if the expert or consultant believes any of this information is subject to a confidentiality obligation to a Third Party, then the expert or consultant should provide whatever information they believe can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the consultant or expert must be available to meet and confer with the designating Party regarding any such engagement.

motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services (including mock jurors), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action to whom disclosure is reasonably necessary for this litigation and who have signed a confidentiality agreement.

(g)     The Court and its personnel.

(h)     Any mediator who is assigned to this matter, and their staff, who have signed Appendix A.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material, including material that qualifies for protection under Federal Rule of Civil Procedure 26(c) and material for which the disclosure may cause harm to a Party or a Third Party.

7.     Documents, information, or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. However, to be clear, a party may use its own DESIGNATED MATERIAL (confidential material of that party) for any purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED

MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.   The Parties shall use reasonable means to protect DESIGNATED MATERIAL, including by taking reasonable precautions to protect the information or materials from unauthorized physical or electronic access or dissemination.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, including confidential or proprietary information and technical information related to research for, the design and development of, and production of past and current products and related to technical, business, and research information regarding future products, highly sensitive investor information, competitively sensitive financial information, customer names and lists, sensitive personal information that would not normally be shared outside the company, and any other information the Designating Party in good faith believes falls within the scope of this provision, the producing Party may designate such Protected Material "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY." Additionally, and to the extent such Protected Material includes or substantially relates to computer Source Code[5] or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL - SOURCE CODE."

9.   For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES

---

[5] "Source Code" means computer source code, associated comments, and/or revision histories for computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–h).

10. For Protected Material designated CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet. The stand-alone computer may only be located within the continental United States of America, in a locked room, at the offices of the producing Party's outside counsel selected by the producing Party or another mutually agreed upon location. The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the stand-alone computer(s). All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s), and shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart. The producing Party may visually monitor, in a non-intrusive fashion and at reasonable intervals, through a glass wall or window, the activities of the receiving Party's representatives, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The producing Party shall not monitor the review conducted by the receiving Party through analyzing the electronic access record on the stand-alone computer (e.g., command histories, recent file lists, file access dates, undo histories), except as required to address technical issues or security concerns, as agreed to by the receiving Party, or as ordered by the Court.

(i) To enable electronic note taking during Source Code reviews, the Producing Party of Source Code shall also provide an additional "note-taking" computer loaded with at least Microsoft One Note, Notepad++, and Microsoft Word software, unless otherwise agreed by the Producing Party and the Receiving Party. The note-taking computer shall either be a portable laptop or be located in close proximity to the Source Code Computer to facilitate electronic note taking, and shall not be linked to any network, including a local area network ("LAN"), an intranet or the Internet.

(ii)     At the beginning of a Source Code review session, the Producing Party shall, when requested by the reviewer, upload to the note-taking computer an encrypted notes file (e.g., uploading an encrypted notes file from a USB memory stick provided by the reviewer to the note-taking computer).

(iii)    The reviewer may then decrypt and open the notes file using the note-taking computer for the purpose of taking notes during the Source Code review session. During the source Code review session, the Producing Party may disable any input and/or output devices on the note-taking computer (e.g., disable any USB ports, Wi-Fi or Ethernet connectivity, and/or optical disc drives) except as necessary to enable the reviewer to take notes (e.g., enable mouse and keyboard). Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop/computer, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the note-taking computer.

(iv)     At the end of a Source Code review session, the reviewer may save any notes in the same encrypted notes file. The Producing Party shall, when requested by the reviewer, download from the note-taking computer the encrypted notes file and provide an electronic copy to the reviewer (e.g., downloading the encrypted notes file from the note-taking computer to a USB memory stick provided by the reviewer).

(v)      Notwithstanding this stipulation, no reviewer may at any time copy or include in electronic notes any portions or sections of the Source Code. Reviewers using electronic note-taking will be directed by undersigned counsel not to copy or include in electronic notes any portions or sections of the Source Code.

(vi)     If requested by the Producing Party, a copy of the encrypted notes file shall remain on the note-taking computer, so long as it remains encrypted.

(vii)    If requested by the Producing Party, a representative for the Producing Party may oversee the transfer of the encrypted notes file from the secure data storage device to the notetaking computer, and vice-versa, without reviewing the substance of the electronic notes.

(viii)   The reviewer shall not take notes electronically on the "stand-alone" computer containing Source Code Material or any other computer or electronic device (besides the note-taking computer) while conducting a review.

(b)     The receiving Party shall make reasonable efforts to restrict its requests for

such access to the stand-alone computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer outside of normal business hours.   The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)     The producing Party shall provide basic instructions to the receiving Party regarding how to operate the stand-alone computer for purposes of accessing the produced Source Code Material as permitted in this Protective Order.

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer as described above.   The producing Party shall install tools that are sufficient for viewing the Source Code Material produced for inspection on the stand-alone computer. The receiving Party's outside counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code Material be installed on the stand-alone computer, provided, however, that (a) the receiving Party possesses an appropriate license to such software tools; (b) the producing Party approves such software tools; (c) such software tools will not be capable of compiling or executing the code; and (d) such other software tools are reasonably necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein. The producing Party shall approve reasonable requests for additional commercially available software tools. The receiving Party must provide the producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the stand-alone computer.  The producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the receiving Party. By way of example, the producing Party will not compile or debug software for installation.

(e)     Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[6] (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above, as well as those individuals in paragraph 5(f), 5(g), and 5(h) above, except that mock jurors shall not have

---

[6] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

access to Protected Material designated CONFIDENTIAL - SOURCE CODE .

(f)     To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or orders, must be filed or served electronically ("Source Code Exhibit"), either (1) the entire Source Code Exhibit will be stamped and treated as CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL - SOURCE CODE.  The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material (where each such excerpt contains no more than 75 consecutive lines of code) from Source Code Printouts as defined below in paragraph (i), only to the extent necessary to create Source Code Exhibits or any drafts of these documents.[7]  The receiving Party shall only include such excerpts as are reasonably necessary for inclusion in such documents for filing with the Court.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers, file names, and/or line numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection, and any documents or drafts thereof that contain such Source Code Material must remain encrypted except as may be required for filing with the Court.  The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order.  Additionally, all electronic copies must be labeled "CONFIDENTIAL – SOURCE   CODE" and must only be exchanged via secure, encrypted file transfer.  If Source Code Exhibits are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders.  Electronic images should not be maintained separate and apart from the filing for which they were created for.

(g)     Except as set forth in paragraph 10(f), no electronic copies or images of Source Code Material shall be made without prior written consent of the producing Party.

(h)     Except as set forth in paragraph 10(f) above and in this paragraph, no person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "CONFIDENTIAL – SOURCE CODE" material.  The receiving Party may request up to three paper copies ("Source Code Printouts") of limited portions of Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings,

---

[7] Drafts shall only include those excerpts the receiving Party reasonably believes will be included in the final version.

expert reports, or other papers, or for deposition or trial. In no event may the receiving Party request (in this specific case) printouts of more than 40 consecutive pages, or an aggregate total of more than 750 pages, of source code during the duration of the case without prior written approval by the producing Party. The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 10(a) in the first instance. Using the software available on the source code computer, the receiving Party shall create PDFs of the printed copies the receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date.  The request for printed Source Code Material shall be served via email request identifying the subfolders of the "Print Requests" folder that the receiving Party is requesting.  Within 5 business days or such additional time as necessary due to volume requested, the producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below.  Even if within the limits described, the producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 19 whereby the producing Party is the "requesting Party" and the receiving Party is the "designating Party" for purposes of dispute resolution. Contested Source Code Printouts do not need to be produced to the receiving Party until the matter is resolved by the Court.

(i)     If the receiving Party's outside counsel, consultants, or experts obtain Source Code Material Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their control in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code , for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition (*e.g*., a hotel prior to a Court proceeding or deposition) provided that the Source Code Printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

(j)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above on paper via hand carry, Federal Express, or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet except as is reasonably necessary for

filing any Source Code Material with the Court or serving such Source Code Material on another Party.

(k)     The receiving Party's outside counsel or expert, or both, shall be entitled to take notes relating to the source code, including as set forth above under paragraphs 10(a)(i)-(viii), but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "CONFIDENTIAL – SOURCE CODE."

(l)     A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection.  Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide four (4) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection.

(m)     The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of each excerpt of source code created pursuant to section 10(f).  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code.

(n)     All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  Any paper copies used during a deposition will be retrieved by the producing Party at the end of each day.

11.     Absent written consent from the designating Party, any attorney representing a Party and any person associated with a Party and permitted to receive the other Party's Protected

Material that is designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order ("Barred Persons") shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the subject matter of the patents-in-suit as well as the subject matter of the HIGHLY SENSITIVE MATERIAL to which access is received,  including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  This bar shall be in effect upon first receipt of HIGHLY SENSITIVE MATERIAL and ends two (2) years after the conclusion of this action, including any appeals.  Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in post-grant PTO proceedings— *e.g.*, IPR, PGR, *ex parte* reexamination—except that person shall not participate— directly or indirectly—in the amendment of any claim(s).  For purposes of this paragraph, "prosecute" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, post grant review, or *inter partes* review).

12.    Absent agreement, a Party's Designated Material must be stored and maintained by a

receiving Party at a location in the United States of America and in a secure manner that ensures that access is limited to persons authorized under this Order.  Absent agreement, Designated Material may not be exported outside the United States of America or released to any foreign national (even if within the United States of America), unless the foreign national (1) is a Green Card holder, (2) working in the United States of America pursuant to an H-1B visa sponsored by the receiving Party's law firm, or (3) directly employed by the receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the receiving Party.  Without limitation, this prohibition extends to Designated Material (including copies) in physical and electronic form.  The viewing of Designated Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  The restrictions contained within this paragraph may be amended through the express written consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.  Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

13. The Protected Material disclosed by the producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted.  The receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

14. The Parties agree that Federal Rule of Evidence 502 applies to the conduct of discovery

in this case. To that end, the Parties respectfully request that the Court enter an order stating that Rule 502 applies in this case and in all proceedings in any other federal or state court in line with Fed. R. Evid. 502(d).  Entry of this Protective Order shall constitute such a Rule 502(d) order.  Nothing herein prevents the Parties from agreeing to additional stipulations relating to Rule 502(d), and from requesting the Court to enter an order containing such additional terms.

15.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.  If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Appendix A.

16.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified

as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

18.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the redacted pleading or exhibit filed publicly with the Court.

19.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.   If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.   Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties.  The Third Parties (as well as any Party whose Protected Material is contained or referenced in such Third Party production) shall have ten (10) days after production of such documents, information, or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

24.     In the event that a Party is required in this case, by a valid discovery request, to produce a Third Party's confidential information in the Party's possession, and the Party is subject to an agreement with the Third Party not to disclose the Third Party's information, then the Party shall: (i) promptly notify in writing the receiving Party and the Third Party that some or all of the information requested is subject to a confidentiality agreement with a Third Party and (ii) promptly provide the Third Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested.  If the Third Party fails to object or seek a protective order from this court within a reasonable period of time after receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the producing Party and the Third Party covering

the confidentiality or disclosure of the information requested, the producing Party may produce the Third Party's confidential information responsive to the discovery request. If the Third Party timely seeks a protective order, the producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Third Party before a determination by the Court.

25.   If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any DESIGNATED MATERIALS that Party must:

> (a)   promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order, other than a criminal Grand Jury Subpoena;
>
> (b)   promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and
>
> (c)   cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose DESIGNATED MATERIAL may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any DESIGNATED MATERIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions

should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.  Any agreement by a designating Party that DESIGNATED MATERIAL may be produced in response to a subpoena does not in any way waive the protections this Protected Order provides against disclosure in any other litigation.

26.   Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed.   The receiving Party shall verify the return or destruction in writing to the producing Party, upon the producing Party's request.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

27.   The failure (inadvertent or otherwise) to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order or the production of documents, information, or material hereunder shall in no way constitute a waiver of any

objection to the furnishing thereof, all such objections being hereby preserved.

28.     An inadvertent failure to designate Protected Material does not waive the designating Party's right to secure protection under this Protective Order for such material.  Upon correction of a designation, the receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order, which may require a Party withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation.  Within a reasonable time after the correction of a designation, a receiving Party must provide notice to the designating Party of all persons who received access to the Protected Material who are no longer authorized to have access under the new designation.  In the event that a producing Party inadvertently fails to designate Protected Material, the producing Party shall give written notice of such inadvertent production (the "Inadvertent Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation.  Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, the receiving Party shall promptly destroy the inadvertently produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the producing Party. Should the receiving Party choose to destroy such inadvertently produced Protected Material, the receiving Party shall notify the producing Party in writing of such destruction within 14 calendar days of receipt of written notice of the Inadvertent Production Notice and properly labeled Protected Material.  This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges.

29.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and shall not undertake the further performance of any action alleged to constitute a violation of this Order.

30.     Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

31.     A designation of Protected Material as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" alone shall not be a reason to limit the admissibility of such Protected Material to the jury at trial.

32.     Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable privilege.

33.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify
        this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or
        entities if reasonably necessary to prepare and present this Action; and (b) to apply for
        additional protection of DESIGNATED MATERIAL.


SIGNED this 21st day of July, 2022.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| ALMONDNET, INC., et al., | § | |
| | § | |
| v. | § | Case No. 6:21-CV-00897-ADA |
| | § | |
| MICROSOFT CORP. | § | |

**APPENDIX A**
**UNDERTAKING REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.      My address is _____.

      My current employer is _____.

      My current occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel

for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____